IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEONARD BLASZCZYK,

                         Plaintiff,                    OPINION AND ORDER

            v.                             11-cv-499-wmc

STEVE LANDREMAN,

                         Defendant.

Plaintiff Leonard Blaszczyk brings this proposed action styled as a case under 42 U.S.C. § 1983 against defendant Steve Landreman. Blaszczyk asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Blaszczyk has provided, the court has concluded that he is unable to prepay the full fee for filing this lawsuit. Having made the initial, partial payment of $113.43 required of him under 28 U.S.C. § 1915(b)(1), the next step is determining whether Blaszczyk's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Blaszczyk purports to bring claims under § 1983, but also seeks release from prison, which claim cannot be brought in the same lawsuit, Blaszczk will be given a chance to clarify how he would like to proceed. Because both claims appear to be frivolous on their face, however, the court will dismiss this action absent further, plausible detail.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, Blaszczyk alleges, and the court assumes for purposes of this screening order, the following facts:

- Defendant Steve Landreman, a parole commissioner, will not let Blaszczyk use his two "one million dollar platinum certificates" to purchase items from the outside world.

- Blaszczyk has been falsely imprisoned since January 3, 1989.  He alleges "nothing got me arrested and nothing got me convicted."  He seeks release from prison.

OPINION

The court understands Blaszczyk to be bringing a due process claim under 42 U.S.C. § 1983 for the denial of his right to use his "one million dollar platinum certificates" to purchase items from the outside world.  To the extent that Blaszczyk has styled this pleading as a complaint under § 1983, it is the proper method to bring such a claim, although the claim appears frivolous on its face.  First, the court is unaware of the existence of any negotiable instrument taking the form of "one million dollar platinum certificate" and plaintiff fails to elaborate on how he came by or where he maintains the two alleged certificates.  Second, even if they existed, a parole commissioner would have no practical role, much less legal duty to help Blaszczyk negotiate them.

To the extent that Blaszczyk also alleges that he is falsely imprisoned and seeks release from prison, such a claim belongs in a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (stating that a petition for habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or a speedy release").  Not only can Blaszczyk not bring both types of claims in one action, his allegations again are so vague as to render them frivolous on their face.  For example, Blaszczyk fails to indicate (1) under what statute and for what crime he was convicted, (2) in what other

2

proceedings, if any, he has attempted to challenge his conviction, and (3) why Landreman, as a parole commissioner, is the proper defendant for such a challenge.

Accordingly, the court will give Blaszczyk a short time to inform the court in writing (1) whether he wants his case to be treated as a § 1983 action or as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; (2) the specific facts giving rise to the claim he chooses to pursue; and (3) why Steve Landreman is the proper defendant.  If Blaszczyk fails to respond adequately to this order by the deadline set below, the court will dismiss the case for his failure to prosecute it.

ORDER

IT IS ORDERED that plaintiff Leonard Blaszczyk may have until February 25, 2013, in which (1) to advise the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or as a complaint in a civil action under 42 U.S.C. § 1983, and (2) to provide specific allegations rendering the petition or complaint, at least, plausible.

Entered this 25th day of January, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge