IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEONARD BLASZCZYK,

          Plaintiff,                        ORDER

     v.                                  11-cv-499-wmc

STEVE LADREMAN,

          Defendant.

---

Plaintiff Leonard Blaszczyk brings this proposed civil action against defendant Steve Ladreman. Blaszczyk asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Blaszczyk has given the court, it concludes that he is unable to prepay the full fee for filing this lawsuit. Blaszczyk has made the initial partial payment of $113.43 required of him under 28 U.S.C. § 1915(b)(1). The next step is determining whether Blaszczyk's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the relief Blaszczyk seeks is appropriately brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, this complaint must be dismissed.

In addressing any pro se litigant's complaint, the court must read the allegations to the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes as plaintiff Leonard Blaszczyk alleges that he has been falsely imprisoned since January 3, 1989. He alleges "nothing got me arrested and nothing got me convicted." He seeks release from prison.

Unfortunately for Blaszczyk, the relief he requests, release from custody, is properly sought in a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (stating that a petition

for habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or a speedy release."). Blaszczyk may challenge his conviction in a petition for writ of habeas corpus, but only after he exhausts all state court remedies available to him as required by 28 U.S.C. § 2254.

ORDER

IT IS ORDERED that plaintiff Leonard Blaszczyk's complaint is dismissed without prejudice to his raising his claim of illegal confinement in a petition for writ of habeas corpus after he has exhausted his state court remedies.

Entered this 5th day of June, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge